UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------X
                                                             :
MALIBU MEDIA, LLC,                                           :   Civil Case No. 2:12-cv-01147-JS-GRB
                                                             :
            Plaintiff,                                       :
                                                             :
    vs.                                                      :
                                                             :
JOHN DOES 1-26,                                              :
                                                             :
            Defendants.                                      :
                                                             :
-------------------------------------------------------------X
```

## MEMORANDUM IN RESPONSE TO THE COURT'S ORDER

**I.      Introduction**

On March 8, 2012, Plaintiff filed a complaint for copyright infringement against 26 Doe Defendants. (Docket No. 1). On March 12, 2012, Plaintiff filed a motion for leave to serve third party subpoenas prior to a Rule 26(f) Conference. (Docket No. 3). On May 1, 2012, this Court issued its Order & Report and Recommendation allowing Plaintiff to proceed with discovery to identify the identity of John Doe 1. In the Court's Report and Recommendation, the Court detailed several procedural safeguards for Plaintiff to follow in order to protect the Doe Defendant's rights. These procedural safeguards included (1) limiting the subpoena to only allow Plaintiff to request the discovery for John Doe 1; (2) limiting the subpoena so that Plaintiff may only request the name and addresses of the Doe Defendant and not the telephone number(s) or email address; (3) requiring Plaintiff submit a copy of the Court's Order with the subpoena; and, (4) requiring that Plaintiff's subpoena instruct the Internet Service Provider to produce the documents to this Court, under seal. (Docket No. 4).

1

On May 8, 2012, paralegal Alejandra Albuerne prepared the subpoena and provided them to undersigned to review, sign and send for service on Cablevision. Undersigned reviewed and signed the subpoenas, noting that the telephone numbers and email addresses were not included, the subpoena was only issued to John Doe 1, and the Order was attached. Unfortunately, undersigned failed to observe that the location for production had not been changed.

II.  **Legal Argument**

Undersigned acknowledges that a mistake was made in error regarding the discovery order issued by this Court on May 1, 2012. Undersigned respectfully notes that he never had any intention, in any way, to deceive the Court and ignore, or circumvent the safeguards implemented by the Court on behalf of the John Doe defendants. Pursuant to this Court's recent order, undersigned understands that this Court is determining the appropriate remedy and sanction, if necessary, to apply.

If this Court is inclined to grant sanctions, undersigned respectfully suggests that this Court enter the least severe sanction under Fed. R. Civ. P. 37(b)(2)(c) which would require undersigned to pay the associated reasonable costs to Cablevision for reviewing this Order and properly complying with the Order despite undersigned's error in its subpoena. Undersigned respectfully requests the Court not impose any greater sanctions because the error was not willful or intentional and no injury or harm substantially occurred to any party.

Sanctions are not necessary because there is no evidence undersigned's non-compliance was intentional. As a result of this unfortunate mistake, we have implemented a second level of review wherein now two attorneys and a paralegal review all orders and subpoenas on motions for leave that deviate from our proposed form. "Considerations of fair play may

2

dictate that courts eschew the harshest sanctions ... where failure to comply is due to a mere oversight of counsel amounting to no more than simple negligence." Outley v. City of New York, 837 F.2d 587, 591 (2d Cir. 1988).

The Second Circuit has stated when it is appropriate for a Court to issue civil contempt fines on a party for violating a Court's Order.

> Civil contempt fines seek one of two objectives. One is coercion—to force the contemnor to conform his conduct to the court's order. The second is compensation. Where the contumacious conduct has caused injury to the beneficiary of the court's order, a civil fine may be imposed on the contemnor to compensate the victim for the loss or harm caused by the unlawful conduct.

New York State Nat. Org. for Women v. Terry, 159 F.3d 86, 93 (2d Cir. 1998).

The first objective in civil contempt fines is to force the contemnor to conform his conduct to the court's order. Id. In this instance, undersigned's failure to comply with the Court's order was not willful or intentional. Most notably, the subpoena complied with the majority of the procedural safeguards set forth by this Court. The subpoena did not include a request for telephone numbers and email addresses, included a copy of the Court's Order and Report and Recommendation from May 1, 2012 and only requested the information for John Doe 1.

Undersigned is cognizant of the rights of the Doe Defendants and has diligently complied with court orders provided by other judges in the Eastern District of New York, the Southern District of New York, and the District of Colorado since this Court issued its May 1, 2012 Order. See Declaration of Jason Aaron Kotzker, Ex. A (Kotzker Dec.).

As an example, the Honorable Judge Boyle issued a stay on subpoenas in a near identical case, Malibu Media, LLC v. John Does 1- 13, 2:12-cv-01156-JFB-ETB (E.D.N.Y. May 10, 2012), after a Doe Defendant filed a Motion to Quash. Undersigned informed the

court that Verizon had complied with the subpoena and then, in compliance with the court's order, submitted the information under seal and destroyed the information received.  See Kotzker Dec. ¶18.

The Honorable Judge Stanton in the Southern District of New York issued a near identical order to your Honor's in Malibu Media, LLC v. John Does 1-14, 1:12-cv-04136-LLS (S.D.N.Y. June 13, 2012).  On the same day undersigned issued the subpoena to Road Runner in full compliance with the Court's order, indicating that the documents should be produced directly to Judge Stanton.  See Kotzker Dec. ¶19.

Undersigned has further complied with several other orders where cases have been severed, orders on motions for leave have been crafted by the court with specific requirements, or the court has requested information and status updates. See Kotzker Dec. ¶17.  Because undersigned has not demonstrated any willful conduct to deliberately violate the Court's order, nor demonstrated that this error is likely to be repeated, undersigned respectfully suggests that it is not necessary for this Court to coerce compliance on future Court orders.  Indeed, since this Court notified undersigned of the error, undersigned has implicated a procedural safe guard where each Court order is reviewed by two attorneys and one paralegal to ensure compliance.

The second contempt fine objective provides that, "[w]here the contumacious conduct has caused injury to the beneficiary of the court's order, a civil fine may be imposed on the contemnor to compensate the victim for the loss or harm caused by the unlawful conduct." New York State Nat. Org. for Women v. Terry, 159 F.3d 93.  Here, no significant loss or harm was imposed on any party.  Even if undersigned had inadvertently received the information, the information would have been limited to the name and address of the Doe Defendants and

4

undersigned would have immediately turned it over to the Court. Undersigned is undeniably grateful for Cablevision's due diligence and understands the Court's desire to compensate Cablevision for any expenses incurred by reviewing the Court's order and notifying the Court of undersigned mistake. Other than Cablevisions efforts to ensure due diligence, no other party was harmed or even inconvenienced. For these reasons, undersigned does not believe any additional fines should be imposed.

### III. Conclusion

For the foregoing reasons, undersigned respectfully requests this Court not enter any sanctions or remedies other than for undersigned to compensate Cablevision for its time reviewing and complying with the Order, or a forward looking order stating that if undersigned violates any other orders issued by this Court, sanctions will be imposed.

Dated: August 15, 2012

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd., #632134
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/*Jason Kotzker*
Jason Kotzker